IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND JONES                      :
                                   :
    v.                             :   Civil Action No. DKC 19-1335
                                   :
STATE OF MARYLAND, et al.          :
                                   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this prisoner rights case are the motions to dismiss or in the alternative for summary judgment filed by Defendants the State of Maryland and Denise Gelsinger, (ECF No. 10), and by Defendant Nathanial Fisher, (ECF No. 24). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendants' motions will be granted.

**I.  Background**

Raymond Jones ("Jones") is a Maryland Correctional Training Center inmate.[1] On March 8, 2016, during a transfer from Jessup Correctional Institution ("JCI") to Maryland Correctional Institution-Hagerstown ("MCI-H"), Jones's transportation van collided with another vehicle. Defendant Shane Householder ("Defendant Householder") was the driver of Jones's transportation

---

[1] Unless otherwise noted, the facts outlined here are undisputed and construed in the light most favorable to Jones.

van and Defendant Nathanial Fisher ("Defendant Fisher") was a passenger. Both Defendants Fisher and Householder are correctional officers. Defendant Householder "attempted to drive in front of another vehicle and caused a collision with the other vehicle." (ECF No. 2, ¶ 18). Jones was handcuffed and was not wearing a seatbelt or otherwise securely fastened in the transportation van. "The force from the collision[] caused [Jones] to be forcibl[y] thrown against the front seat and protective wire grate resulting in [Jones] being knocked to the floor of the transportation vehicle." (*Id.*, ¶ 19). Jones "was evaluated at Brockbridge Correctional Facility[]" ("BCF"). (*Id.*, ¶ 20). Jones "suffered injuries to his back, shoulders, and knee." (*Id.*, ¶ 21).

On March 3, 2017, Jones "sent notice of [his] claim to [the] Maryland State Treasurer via certified mail, return receipt requested[.]" (ECF No. 2, ¶ 9). On March 8, 2019, Jones, represented by counsel, filed a complaint in the Circuit Court for Baltimore City, Maryland against Defendants Fisher and Householder, as well as the State of Maryland, Stephen T. Moyer, J. Michael Stouffer, Denise Gelsinger, Allen Gang, and other unidentified officers.[2] (ECF No. 1-1; ECF No. 2). According to the complaint, Stephen T. Moyer ("Defendant Moyer") was the

---

[2] The notice of removal, (ECF No. 1), attached the state court complaint, (ECF No. 1-1). Jones also filed the state court complaint. (ECF No. 2). The court will refer to ECF No. 2 because ECF No. 1-1 appears to lack the first page of the caption.

2

Secretary of the Department of Public Safety and Correctional Services, J. Michael Stouffer ("Defendant Stouffer") was the Commissioner of the Division of Corrections, Denise Gelsinger ("Defendant Gelsinger") was the Warden of MCI-H, and Allen Gang ("Defendant Gang") was the Warden of JCI.[3] (ECF No. 2, at 1-5 ¶¶ 3-7). Jones's complaint asserts two claims: (1) negligence and (2) 42 U.S.C. § 1983. (*Id.*, at 6-9).

On May 7, 2019, the State of Maryland and Defendant Gelsinger filed a notice of removal and removed the case to the United States District Court for the District of Maryland. (ECF No. 1). On June 11, 2019, the State of Maryland and Defendant Gelsinger filed the presently pending motion to dismiss. (ECF No. 10). Jones responded, (ECF Nos. 13; 14), and Defendants replied, (ECF No. 21).

On August 27, 2019, Defendant Fisher filed the presently pending motion to dismiss. (ECF No. 24). On September 14, 2019, Jones responded. (ECF No. 25).

---

[3] On November 6, 2019, the court issued an order noting that Defendants Gang, Householder, Moyer, and Stouffer had not been served and granting Jones 60 days to serve them. (ECF No. 26). On January 5, 2020, Jones filed a motion requesting an extension of time to serve Defendants Gang, Householder, Moyer, and Stouffer. (ECF No. 29). On January 6, 2020, the court issued a paperless order granting Jones's motion and allowing Jones until January 27, 2019 to effectuate service on the remaining defendants. (ECF No. 30).

The motion to dismiss filed by Defendant Fisher raises the same arguments as the motion to dismiss filed by the State of Maryland and Defendant Gelsinger, with slight variations that reflect the different employment positions of Defendants Gelsinger and Fisher. The court will address the arguments together and note the differences as necessary.

## II. Analysis

Defendants assert several grounds for dismissal or summary judgment including: (1) public official and qualified immunity; (2) failure to state a claim under § 1983; and (3) failure to exhaust administrative remedies. (ECF No. 10-1, at 2; ECF No. 24-1, at 2).

### A. Section 1983

#### 1. The State of Maryland

Defendants seek dismissal for failure to state a claim because the State of Maryland is not a "person" under § 1983. (ECF No. 10-1, at 14). Jones concedes this point. (ECF No. 13, at 12). Accordingly, the § 1983 claim will be dismissed.

#### 2. Other Defendants

Under § 1983, a plaintiff may file suit against any "person who, under color of [law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" To state

a claim, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Jones contends that Defendants acted under color of law and deprived him of "clearly established rights under the Eighth and Fourteenth Amendments [to] the United States Constitution," including "the right to be free from the use of excessive and unreasonable force and seizure; the right to be free from the deprivation of life and liberty without due process of law; the right to be free from cruel and unusual punishment; and the right to be free from deliberate indifference to the back, neck[,] and knee pain." (ECF No. 2, ¶¶ 37–38). Defendants contend that Jones fails to state a claim under § 1983 because he alleges no personal action or involvement by Defendant Gelsinger and only specifically references Defendant Gelsinger "in the section of the complaint introducing the parties and stating their positions and responsibilities[.]" (ECF No. 10-1, at 11-12; ECF No. 21, at 1-3). They assert that Jones "alleges no facts that would support a plausible theory of supervisory liability against [Defendant]

5

Gelsinger." (ECF No. 21, at 1). Defendants contend that Jones fails to state a claim against Defendant Fisher because he alleges no personal action or involvement by Defendant Fisher and "only specifically mention[s] [Defendant Fisher]. . . as being a passenger in the vehicle[.]" (ECF No. 24-1, at 11–12). Defendants also contend they are entitled to qualified immunity. (ECF No. 10-1, at 12–13; ECF No. 21, at 1–3; ECF No. 24-1, at 12–13).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### a. **Gelsinger**

The doctrine of *respondeat superior* does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Jones alleges that Defendant Gelsinger was "responsible for the operation and implementation of the policies pertinent to the Maryland Division of Public Safety and Correctional Services" ("DPSCS"). (ECF No. 2, ¶ 5). He also alleges that Defendant Gelsinger was "responsible for promulgating and implementing and following policies and procedures." (*Id.*). Jones does not allege that the policies and procedures were deficient. In fact, he alleges that Defendants Fisher and Householder "failed to follow policies and procedures to assure [his] care and safekeeping and

7

protection[.]" (*Id.*, ¶¶ 6-7). In other words, Jones alleges that Defendants Fisher and Householder disregarded Defendant Gelsinger's policies. Jones subsequently argues that "Defendant Gelsinger had an affirmative duty to take action in supervising her correctional officers[]" and "a duty to ensure that they followed proper protocol[.]" (ECF No. 13, at 7). Jones argues that Defendant Gelsinger failed to supervise and train her subordinates. (*Id.*). These conclusory allegations are insufficient to state a claim against Defendant Gelsinger. Jones fails completely to allege any personal involvement by Defendant Gelsinger. The § 1983 claim will be dismissed as to Defendant Gelsinger.

These pleading deficiencies extend to the other supervisory defendants: Defendants Moyer, Stouffer, and Gang. Jones alleges that Defendant Moyers and Stouffer were responsible for developing and implementing policies and for hiring, training, and supervising staff. (ECF No. 2, ¶¶ 3-4). Jones does not mention Defendant Gang at all in the complaint, other than to list him in the caption as a defendant. Given these deficiencies, and despite the existing service issues, the § 1983 claim will be dismissed as to Defendants Moyer, Stouffer, and Gang.

  b.  **Fisher**

Defendant Fisher argues that he is entitled to qualified immunity. (ECF No. 24-1, at 11-13). "Qualified immunity is 'an

8

immunity from suit rather than a mere defense to liability.'" *Pearson v. Callahan*, 555 U.S. 223, 237 (2009). Qualified immunity analysis involves two questions: (1) whether a constitutional violation occurred and (2) whether the right violated was clearly established. *See Pearson*, 555 at 236; *Saucier v. Katz*, 533 U.S. 194, 200 (2001). District courts "may consider either prong of the qualified immunity inquiry first[.]" *Sims v. Labowitz*, 885 F.3d. 254, 260 (4th Cir. 2018). The burden is on the plaintiff to prove that a constitutional violation occurred. However, the defendant must prove that the right was not clearly established at the time in question. *Henry v. Purnell*, 501 F.3d 374, 377–78 (4th Cir. 2007).

Jones alleges an Eighth Amendment violation. (ECF No. 2, ¶ 38). The Fourth Circuit recently outlined the framework for the merits prong of the qualified immunity analysis under the Eighth Amendment in a failure to seatbelt case. *Thompson v. Commonwealth of Va.*, 878 F.3d 89, 105-06 (4th Cir. 2017).

> The Eighth Amendment protects prisoners from "unnecessary and wanton infliction of pain." That protection imposes on prison officials an affirmative "obligation to take reasonable measures to guarantee the safety. . . of inmates." However, not all Eighth Amendment violations are the same: some constitute "deliberate indifference," while others constitute "excessive force."
>
> The deliberate indifference standard generally applies to cases alleging failures to safeguard the inmate's health and safety,

9

> including failing to protect inmates from attack, maintaining inhumane conditions of confinement, or failing to render medical assistance. The deliberate indifference standard is a two-pronged test: (1) the prisoner must be exposed to a "substantial risk of serious harm," and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety. In excessive force cases, on the other hand, courts must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
>
> To [evaluate properly] a prisoner's Eighth Amendment claim, courts ordinarily must choose which standard to apply as to each defendant.

*Thompson*, 878 F.3d at 97–98 (internal citations omitted). In *Thompson*, excessive force was the correct standard to apply to the driver and deliberate indifference was the correct standard to apply to the passenger. *Id.* at 99, 107. *Thompson* also recognizes that "courts have not found a constitutional violation in some failure-to-fasten-seatbelt cases" when those cases "with one exception. . . involved mere negligence, rather than malice or even recklessness." *Id.* at 105–06; *see also Scott v. Becher*, 736 F.App'x 130, 134 (6th Cir. 2018) (noting that "failure-to-seatbelt cases 'involved mere negligence'" and did not rise to an Eighth Amendment violation); *Vinson v. U.S. Marshals Serv.*, No. 10-79-RMG-PJG, 2011 WL 3903057, at *10 (D.S.C. July 29, 2011) (noting that "numerous cases suggest that the failure to seatbelt prisoners

alone does not rise to the level of a constitutional violation[]" and collecting cases).

Critically, Jones only alleges that Defendant Householder "negligently attempted to drive in front of another vehicle." (ECF No. 2, ¶ 18). He does not allege "malice or even recklessness." *Thompson*, at 105. Similarly, Jones only alleges that Defendant Fisher "was a passenger" and "knew or should have known that he was not properly secured[.]" (ECF No. 2, ¶¶ 17, 24). He does not allege that he requested to be seatbelted, that Defendants refused any such request, or that Defendants drove recklessly or intentionally to cause harm. This case is distinguishable from *Thompson*, where the correctional officers refused to buckle the prisoner's seatbelt, ignored his pleas for help, and where the officer driving drove dangerously and the officer in the passenger seat failed to intervene to stop the dangerous driving. 878 F.3d at 107. Jones fails to allege the violation of a clearly established Eighth Amendment right and Defendant Fisher is entitled to qualified immunity.[4] In light of the foregoing, the court need not address Defendants' arguments that Jones failed to exhaust his administrative remedies under the Prison Litigation

---

[4] It is unlikely that Jones has stated a claim against the driver, Defendant Householder, under the deliberate indifference standard, let alone the excessive force standard, but the issue will not be addressed until/unless he is served.

Reform Act ("PLRA").[5]  (ECF No. 10-1, at 5-9; ECF No. 21, at 5-8; ECF No. 24-1, at 5-9).

**B. Negligence**

Jones's complaint also raises a negligence claim.  (ECF No. 2, at 6-8).  Defendants Fisher and Gelsinger contend that Jones failed to comply with Maryland's Prisoner Litigation Act ("PLA"), Md. Code Ann., Courts and Judicial Proceedings § 5-1001 *et seq.*, because he did not "exhaust all available administrative remedies prior to filing a state law action challenging his conditions of confinement."  (ECF No. 10-1, at 5-9; ECF No. 21, at 5-8; ECF No. 24-1, at 5-9).

Although the Maryland General Assembly enacted the PLA to complement the federal PLRA, the PLA is "more onerous" than the PLRA.  *Harris v. McKenzie*, 241 Md.App. 672, 679-682 (2019).  The PLA provides that "[a] prisoner may not maintain a civil action until the prisoner has fully exhausted all administrative remedies" and requires the prisoner to "attach to the initial complaint proof that administrative remedies have been exhausted." Md. Code Ann., Courts and Judicial Proceedings, § 5-1003.  Failure to attach the requisite proof mandates dismissal:

> On receipt of a prisoner's initial complaint that does not have attached to it proof that the prisoner has fully exhausted the administrative remedies available, the court

---

[5] Failure to exhaust is an affirmative defense.  *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

12

> shall dismiss the case without prejudice and grant the prisoner reasonable leave to amend the complaint and to provide the proof necessary to demonstrate that the prisoner has fully exhausted the administrative remedies.

*Id.*, § 5-1003(b)(3). Moreover, "[a] court shall dismiss a civil action if the prisoner filing the action has not completely exhausted the administrative remedies." *Id.*, § 5-1003(c). Here, Jones failed to attach proof that administrative remedies have been exhausted and dismissal of the negligence claim is appropriate. *Id.*, § 5-1003(b)(3); *see also Harris*, 241 Md.App. at 681 (noting that an inmate's "failure to complete the judicial review process to exhaust his administrative remedies and to provide the circuit court with proof of exhaustion of his administrative remedies with the filing of his complaint renders the circuit court's dismissal of his complaint legally correct"); *Germain v. Bishop*, No. 17-1289-TDC, 2018 WL 4518019, at *4 (D.Md. Sept. 19, 2018) ("Failure to provide [proof that administrative remedies have been exhausted] is grounds for dismissal."). Moreover, the material attached to his opposition does not indicate that he has exhausted administrative remedies.

Even if Jones had fully exhausted all administrative remedies and attached proof of such exhaustion to his complaint, Defendants Fisher and Gelsinger are immune from suit. Defendants Fisher and Gelsinger contend that they are "immune from suit and from liability for any tortious act or omission that is within the scope

13

of [their] public duties and is made without malice or gross negligence." (ECF No. 10-1, at 9-10; ECF No. 21, at 4-5; ECF No. 24-1, at 9-10). Jones concedes that he must allege malice or gross negligence and asserts that both Defendants Fisher and Gelsinger acted maliciously. (ECF No. 13, at 6-7; ECF No. 25, at 6-7).

Under the Maryland Torts Claim Act ("MTCA"), *see* Md. Code Ann., State Gov't § 12-101 *et seq.*, "the immunity of the State and of its units is waived as to a tort action," subject to the MTCA's exclusions and limitations. State Gov't § 12-104(a). A notable exclusion exists: "State personnel. . . are immune from suit in courts of the State and from liability in tort for a tortious act or omission that is within the scope of the public duties of the State personnel and is made without malice or gross negligence[.]" Md. Code Ann., Courts and Judicial Proceedings, § 5-522(b). In this context, malice requires an act committed with "an evil or rancorous motive influenced by hate, the purpose being to [injure deliberately] the plaintiff." *Green v. Brooks*, 125 Md. App. 349, 377 (internal quotation marks omitted). Gross negligence requires "an intentional failure to perform a manifest duty in reckless disregard of the consequences[.]" *Barbre v. Pope*, 402 Md. 157, 187 (2007) (internal quotation marks omitted). Jones alleges no personal action by Defendant Gelsinger, and little personal action by Defendant Fisher. Critically, there are no allegations of malicious or grossly negligent conduct. The negligence claim will

14

be dismissed.  In light of the foregoing, the court need not address Defendants' arguments that they are "entitled to public official immunity under Maryland law."[6]  (ECF No. 10-1, at 11; ECF No. 24-1, at 11).

## III. Conclusion

For the foregoing reasons, the motions to dismiss filed by Defendants the State of Maryland and Denise Gelsinger, (ECF No. 10), and by Defendant Nathanial Fisher, (ECF No. 24), will be granted.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[6] Public official immunity is an affirmative defense. *Walker v. Bishop*, No., 2018 WL 1920585, at *12 (D.Md. Apr. 24, 2018) (citing *Cooper v. Rodriguez*, 443 Md. 680, 713 (2015).